UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE LEGAL AID SOCIETY,<br><br>               Plaintiff,<br><br>    - against -<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>               Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. Plaintiff The Legal Aid Society ("Plaintiff" or "LAS") brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and seeks disclosure of records held by the United States Immigration and Customs Enforcement agency ("Defendant" or "ICE"), a branch of the Department of Homeland Security ("DHS"). Plaintiff seeks to compel ICE to produce records responsive to Plaintiff's FOIA request for policies and practices (the "FOIA Request") related to Defendant's detention, transfer, and removal of New Yorkers.[1] A copy of the FOIA Request is attached hereto as **Exhibit A**.

2. LAS is part of the New York Immigrant Family Unity Project ("NYIFUP")—New York City's first-in-the-nation appointed counsel program for detained immigrants who cannot afford an attorney. Created in 2013, NYIFUP has greatly improved access to counsel for New Yorkers detained by ICE. According to a study by the Vera Institute for Justice, NYIFUP increased the rate of successful outcomes for detained immigrants by 1,100 percent during a three-year period.[2] Deprivation of these legal services has a human cost: without

---

[1] Letter from K. Barron to Dep't of Homeland Sec. and U.S. Immigr. & Customs Enf't (Mar. 29, 2023) [the "FOIA Request"].

[2] Jennifer Steve, et al., Evaluation of the New York Immigrant Family Unity Project: Assessing the Impact of Legal Representation on Family and Community Unity, Vera Institute of Justice 6 (Nov. 2017), https://www.vera.org/downloads/publications/new-york-immigrant-family-unity-project-evaluation.pdf.

access to effective legal representation, detained immigrants are much more likely to be permanently separated from their families and communities.

3. ICE is currently detaining many New Yorkers in facilities far outside of the New York City metropolitan area. This practice impedes Plaintiff's efforts to provide free and competent representation to New York City residents in immigration proceedings by making it substantially more difficult for Plaintiff to identify current and prospective clients.

4. ICE's failure to respond to Plaintiff's FOIA Request and turn over requested records violates FOIA and impedes these individuals from obtaining legal representation.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 28 U.S.C. § 1346.

6. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391 because Plaintiff has its principal place of business in New York, New York.

## THE PARTIES

7. Plaintiff LAS is a non-profit 501(c)(3) and is the nation's oldest and largest not-for-profit provider of legal services to low-income clients. LAS's Immigration Law Unit (the "ILU") is a recognized leader in the delivery of free, comprehensive, and high-caliber legal services to low-income immigrants in New York City and surrounding counties. Part of the ILU's work consists of representing detained individuals in removal proceedings before immigration judges, on appeals to the Board of Immigration Appeals and the United States Court of Appeals for the Second Circuit, and in habeas corpus proceedings in the Southern District of New York and in district courts across the country where ICE detains LAS's current and prospective clients.

8. Defendant ICE is an agency of the United States Government pursuant to 5 U.S.C. § 552(f)(1) and has possession of and control over the records that Plaintiff seeks.

**THE FOIA REQUEST**

9. On March 29, 2023, Plaintiff submitted the FOIA Request, seeking nine categories of records: (1) "communications records to and from the ICE New York City Field Office Director mentioning the word 'transfer'"; (2) "emails, memoranda, policies, and planning documents related to detained alien transfers to and from the ICE New York City Field Office and ICE's Office of Asset and Facilities Management"; (3) "transfer policies, memoranda, guidance, and directives including but not limited to ICE/ERO Detainee Transfers Directive used by ICE New York City Field Office"; (4) "national transfer policies, memoranda, guidance, and directives including but not limited to ICE/ERO Detainee Transfers Directive"; (5) "ICE New York City Field Office Standard Operating Procedures"; (6) "ICE New York City Field Office Transfer Quality Assurance Reviews and procedures"; (7) "Forms I-830, Notice to EOIR: Alien Address filed by the ICE New York City Field Office"; (8) "Forms I-216, Record of Persons and Property Transfer filed by the ICE New York City Field Office"; and (9) a "[l]ist of all ICE New York City Field Office Area of Responsibility transfers" with specified fields including "the date of the transfer, the total number of individuals subject to the transfer, the facilities individuals were transferred from[,] the facilities individuals were transferred to and any intermediate location individuals were held during this transfer[,] [a]ll documented reasons for each individual transfer, including any reasons for transfers of detained noncitizens recorded in their A-File or 'work file[,]' and any comments related to such transfer in ICE's Enforcement Integrated Database." *See* Ex. A.

10. On April 25, 2023, Plaintiff sent an email message to Defendant to confirm that the FOIA Request had been received.

11. On April 27, 2023, Defendant responded via email, asking for a copy of the FOIA Request, which Plaintiff promptly provided. Defendant replied that day, assigning case number 2023-ICFO-23545 to the FOIA Request.

12. On May 10, 2023, Defendant sent an email message to Plaintiff, invoking a ten-day extension under 5 U.S.C. § 552(a)(6)(B) to respond to the FOIA Request.

13. On July 5, 2023, Defendant sent an email message to Plaintiff and stated that the FOIA Request was "1) too broad in scope, 2) did not specifically identify the records which [Plaintiff was] seeking, or 3) only posed questions to the agency." The message directed Plaintiff to "resubmit" the request "containing a reasonable description of the records" sought. A copy of this message is attached hereto as **Exhibit B.**

14. In a letter dated August 3, 2023, Plaintiff provided clarification of the specifications in the FOIA Request. A copy of this letter is attached hereto as **Exhibit C**.

15. By email dated August 4, 2023, Defendant again acknowledged receipt of the FOIA Request. The message stated that Defendant "ha[d] queried the appropriate program offices within ICE for responsive records" and that "one of the processors in our office will respond to [the FOIA Request] as expeditiously as possible." In addition, the message stated that Defendant was invoking a further ten-day extension under 5 U.S.C. § 552(a)(6)(B) to respond to the FOIA Request. A copy of this message is attached hereto as **Exhibit D.**

16. Plaintiff also submitted the FOIA Request to DHS. On August 25, 2023, DHS provided its final response to the FOIA Request. In that response, DHS indicated that Defendant ICE would process the FOIA Request and provide a "direct response" to Plaintiff due to its subject matter.

17. On September 1, 2023, Defendant ICE contacted Plaintiff regarding case number 2023-HQFO-01442 and stated that the inquiry was "too broad in scope." Defendant did not acknowledge that this case involved the same underlying request as case number 2023-ICFO-23545, or that Plaintiff had already submitted a clarification letter on August 3, 2023.

18. On December 21, 2023, Plaintiff sent an email message to Defendant, requesting an update on the status of Defendant's response to case number 2023-ICFO-23545.

A copy of this message is attached hereto as **Exhibit E.**

19. Defendant never responded to Plaintiff's December 21 correspondence.

20. Defendant has not produced any policies or practices in response to the FOIA Request.

## THE FIRST CLAIM

### Violation of Freedom of Information Act, 5 U.S.C. § 552, and 6 C.F.R. § 5.6(c) Promulgated Thereunder, for Failure to Timely Disclose Responsive Agency Records

21. Plaintiff repeats, alleges, and incorporates by reference the allegations in paragraphs 1 through 20 as though fully set forth herein.

22. Defendant's unlawful withholding of documents responsive to the FOIA Request violates 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A), as well as 6 C.F.R. § 5.6(c), promulgated thereunder.

23. Defendant is obligated under 5 U.S.C. § 552(a)(3) to produce records responsive to the FOIA Request.

24. Defendant was required to respond to the FOIA Request within 20 business days under 5 U.S.C. § 552(a)(6)(A) and 6 C.F.R. § 5.6(c), promulgated thereunder.

25. Defendant has failed to disclose or produce any responsive records.

26. No basis exists for Defendant's failure to provide a response to the FOIA Request. Plaintiff has exhausted its administrative remedies by virtue of Defendant's failure to respond to the FOIA Request.

## THE SECOND CLAIM

### Violation of Freedom of Information Act, 5 U.S.C. § 552, for Failure to Timely Conduct an Adequate Search of Agency Records

27. Plaintiff repeats, alleges, and incorporates by reference the allegations in paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff's FOIA Request seeks records from October 1, 2019 through the date

the request is fulfilled.

29. Defendant has failed to disclose or produce any responsive records.

30. Defendant is obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for and to produce records responsive to the FOIA Request. Plaintiff has a legal right to obtain such records, and no legal basis exists for ICE's failure to conduct a reasonable search for records through the present date.

31. Defendant's failure to conduct a reasonable search for records responsive to the FOIA Request violates 5 U.S.C. § 552(a)(3)(C) and (a)(6)(A), as well as 6 C.F.R. § 5.6(c), promulgated thereunder.

## THE THIRD CLAIM

### Violation of the Administrative Procedure Act, 5 U.S.C. § 706(1) and (2), for Failure to Timely Respond to the Request for Agency Records

32. Plaintiff repeats, alleges, and incorporates by reference the allegations in paragraphs 1 through 31 as though fully set forth herein.

33. Defendant's failure to timely respond to the FOIA Request for agency records constitutes agency action unlawfully withheld and unreasonably delayed in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1).

34. Additionally, Defendant's failure to timely respond is arbitrary, capricious, an abuse of discretion, and not in accordance with law in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that judgment be entered in its favor and against Defendant and that the Court:

(a) Declare unlawful Defendant's refusal to disclose the records requested;

(b) Declare that Defendant's failure to make a determination with respect to Plaintiff's FOIA Request within the statutory time limit and Defendant's failure to disclose

responsive records violates the FOIA;

(c) Declare that Defendant's failure to timely respond to Plaintiff's request for agency records violates the Administrative Procedure Act;

(d) Compel Defendant and any of Defendant's departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of Defendant to conduct a full, adequate, and expeditious search for records responsive to Plaintiff's FOIA Request and to produce any and all such records to Plaintiff;

(e) Enjoin Defendant, and any of its departments, components, other organizational structures, agents, or other persons acting by, through, for or on behalf of Defendant from withholding non-exempt records responsive to Plaintiff's FOIA Request and order them to promptly produce the same without redaction;

(f) Award Plaintiff its reasonable attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E)(i); and

(g) Grant any such other or further relief as the Court deems just and equitable.

Dated: New York, New York  
       March 28, 2024

Respectfully Submitted,

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By: */s/ Jeanette Bayoumi*  
    Jeanette Bayoumi  
    3 World Trade Center  
    175 Greenwich Street, 51st Floor  
    New York, NY 10007  
    Telephone:  212 277 4000  
    Facsimile:  212 277 4001  
    Email:   jeanette.bayoumi@freshfields.com

    Eric Mahr (*pro hac vice* forthcoming)  
    Andrew Henderson (*pro hac vice* forthcoming)  
    L.B. McCaskey (*pro hac vice* forthcoming)  
    700 13th Street, NW, 10th Floor  
    Washington, DC 20005  
    Telephone:  202 777 4500  
    Facsimile:  202 777 4555  
    Email:   eric.mahr@freshfields.com  
           andrew.henderson@freshfields.com  
           lb.mccaskey@freshfields.com

    THE LEGAL AID SOCIETY  
    Kyle Barron  
    Julie Dona  
    Immigration Law Unit  
    49 Thomas Street, 5th Floor  
    New York, NY 10013  
    Telephone:  646 574 2761  
    Facsimile:  646 616 9479  
    Email:   kebarron@legal-aid.org  
           jdona@legal-aid.org

    *Counsel for Plaintiff*