# Exhibit A

**THE
LEGAL AID
SOCIETY
CIVIL**

The Legal Aid Society
Immigration Law Unit
199 Water Street, 3rd Floor
New York, NY 10038
T (212) 577-3300
www.legal-aid.org

**Direct Dial:** (646)574-2761
**Direct Fax:** (646)616-9479
**E-mail:**      kebarron@legal-aid.org

Alan Levine
*President*

Twyla Carter
*Attorney-in-Chief
Chief Executive Officer*

Adriene L. Holder
*Chief Attorney*
Civil Practice

Deborah Lee
*Attorney-in-Charge*
Immigration Law Unit

March 29, 2023

**<u>By E-Mail</u>**

Department of Homeland Security
Privacy Office, Mail Stop 0655
2707 Martin Luther King Jr. AVE SE
Washington, D.C. 20528-0655
foia@hq.dhs.gov

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street SW, Stop 5009
Washington, D.C. 20536-5009
ice-foia@dhs.gov

**RE: Freedom of Information Act Request for Documents Related to Certain DHS and
ICE Policies and Practices**

Dear Freedom of Information Officer:

This letter constitutes a request pursuant to the Freedom of Information Act, 5
U.S.C. § 552 ("FOIA"), submitted on behalf of The Legal Aid Society ("LAS"). LAS
requests expedited processing, pursuant to 6 C.F.R. § 5.5(e)(iii) and 5 U.S.C.
§ 552(a)(6)(E). LAS also requests a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and
6 C.F.R. § 5.11(k). The justifications for expedited processing and a fee waiver are set out
in detail following the request.

RE: Freedom of Information Act Request for
Documents Related to Certain DHS and ICE
Policies and Practices
Page 2

We ask that you please direct this request to all appropriate offices and components and/or departments within the U.S. Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"), per 6 CFR § 5.3(a)(2), including but not limited to the following in DHS: Office of the Director and Deputy Director; Office of Policy; Office of Legislative Affairs; Office of Intergovernmental Affairs; and Office of General Counsel; and the following offices within ICE: Office of the Director and Deputy Director; Office of Detention Policy and Planning; Detention and Removal Operations; State and Local Coordination; Office of Detention Oversight; Congressional Relations; Office of Acquisitions Management; Enforcement and Removal Operations; Office of Detention Management, Enforcement and Removal Operations; Office of Asset and Facilities Management, and Office of the Principal Legal Advisor.

## I.    The Requester

The Legal Aid Society is a non-profit 501(c)(3) and is the nation's oldest and largest not-for-profit provider of legal services to low-income clients. LAS's Immigration Law Unit (the "ILU") is a recognized leader in the delivery of free, comprehensive and high-caliber legal services to low-income immigrants in New York City and surrounding counties. Part of the ILU's work consists of representing detained individuals in removal proceedings before immigration judges, on appeals to the Board of Immigration Appeals and the United States Court of Appeals for the Second Circuit, and in habeas corpus proceedings in the Southern District of New York and in district courts across the country where ICE detains our current and prospective clients. Along with the Bronx Defenders and the Brooklyn Defender Services, LAS is part of the New York Immigrant Family Unity Project ("NYIFUP")—New York City's first-in-the-nation appointed counsel program for detained immigrants who cannot afford an attorney.

## II.    Purpose of the Request

The purpose of the request is to obtain information for LAS to help understand the nature and scale of ICE's practice of detaining New Yorkers in jurisdictions outside of the New York City metropolitan area, so that we can design systems to provide free representation for those who qualify.

Although noncitizens have a statutory right to counsel at their own expense in immigration proceedings, *see* 8 U.S.C. § 1362, individuals facing deportation are frequently unrepresented. Removal proceedings are the only legal proceedings in the United States where people are detained by the federal government and required to litigate for their liberty against trained government attorneys without any guaranteed assistance of counsel. Yet the consequence of these proceedings—permanent exile from the United States and separation from family, friends, and loved ones—can be just as severe as, or even more harsh than, criminal imprisonment. Individuals facing deportation are often unfamiliar with the legal system, lack financial resources, and face language barriers. The lack of access to

RE: Freedom of Information Act Request for
Documents Related to Certain DHS and ICE
Policies and Practices
Page 3

counsel is especially acute for those ICE detains. In fact, over 70% of individuals currently in ICE detention nationwide who are in deportation proceedings do not have a lawyer.[1] And this difference can be dramatic: having a lawyer makes it over ten times more likely that an individual will even apply for relief from deportation, and having a lawyer makes it twice as likely that those individuals will actually win their cases.[2]

In 2013, NYIFUP was created to address these issues and provide free, high-quality representation to detained New Yorkers who face deportation. Since then, NYIFUP has greatly increased access to counsel for New Yorkers detained by ICE, representing more than 3,500 detained immigrants facing deportation since 2014. In 2018 alone, over 700 detained individuals received representation through the program.

Between 2013 and 2016, NYIFUP increased the rate of successful outcomes for detained immigrants by 1,100 percent, confirming that the services provided by NYIFUP attorneys reduce unnecessary detention and unlawful deportations.[3] Before NYIFUP, only about 4% of detained individuals had a positive outcome in their case at Varick Street Immigration Court, compared to 48% for NYIFUP clients.[4] In its first five years, NYIFUP attorneys won release from ICE custody for over 900 clients, and won over 500 removal cases. In 2020-21, LAS alone successfully advocated for the release of over 100 NYIFUP clients and prevented over 200 deportations. These numbers show that, because of the complexity of immigration proceedings, before NYIFUP, a significant number of detained noncitizens were losing otherwise meritorious claims based solely on the fact that they were not represented.

However, the detention landscape has changed in ways that have made it harder to identify detained New Yorkers who need representation in immigration court. At the time that NYIFUP was first implemented, people who qualified for NYIFUP were those individuals whose cases were heard by immigration judges at Varick Street Immigration Court in New York City. The vast majority of these individuals were detained at the Hudson, Bergen, and Essex County Jails in New Jersey, and Orange County Jail in New York.

In 2021, the Hudson and Bergen County Jails stopped housing people in ICE custody, and a year later Orange County Jail transferred dozens of detained New York City

---

[1] TRAC Immigration, *New Proceedings Filed in Immigration Court*, last accessed Mar. 21, 2023, https://trac.syr.edu/phptools/immigration/ntanew/

[2]  Ingrid Eagly and Steven Shafer, *Access to Counsel in Immigration Court*, American Immigration Council 21 (Sept. 2016) https://www.americanimmigrationcouncil.org/sites/default/files/research/access_to_counsel_in_immigration_court.pdf

[3] Jennifer Steve, et al., *Evaluation of the New York Immigrant Family Unity Project: Assessing the Impact of Legal Representation on Family and Community Unity*, Vera Institute of Justice 6 (Nov. 2017)  new-york-immigrant-family-unity-project-evaluation.pdf (vera.org).

[4] *Id*.

RE: Freedom of Information Act Request for
Documents Related to Certain DHS and ICE
Policies and Practices
Page 4

residents to Mississippi. Anecdotally, ICE is presently detaining New York City residents at Orange County Jail in New York, Moshannon Valley Processing Center in Pennsylvania, Buffalo Service Processing Center in New York, and elsewhere throughout the country. Because NYIFUP providers are only able to systematically identify and represent individuals whose initial court appearances are at Varick Street Immigration Court in New York, many detained New York City residents facing deportation who would otherwise qualify for NYIFUP are currently unrepresented.

Therefore, LAS seeks the information in this FOIA request to understand where ICE is detaining New Yorkers, so that we can provide free and competent representation to those who qualify.

### III.    <u>Definitions</u>

*Records* as used herein includes, but is not limited to: communications, correspondence, directives, documents, data, videotapes, audiotapes, e-mails, faxes, files, guidance, guidelines, standards, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, manuals, technical specifications, training materials, and studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications and/or videotapes, as well as any reproductions thereof that differ in any way from any other reproduction, such as copies containing marginal notations.

*Transfer* as used herein includes any movement of an alien after arrest, including movement from the New York City ("NYC") metropolitan area to locations outside of the NYC-metropolitan area, regardless of whether the alien has first been detained at a NYC-area facility.

### IV.    <u>Records requested:</u>

<u>New York City-Area ICE Transfer Records</u>

From the beginning of FY 2020 to the date of this request is fulfilled:

1.  All communications records to and from the ICE New York City Field Office Director mentioning the word "transfer" from the beginning of FY 2020 until the date this request is fulfilled.

2.  All emails, memoranda, policies, and planning documents related to detained alien transfers to and from the ICE New York City Field Office and ICE's Office of Asset and Facilities Management from the beginning of FY 2020 through the date this request is fulfilled.

RE: Freedom of Information Act Request for
Documents Related to Certain DHS and ICE
Policies and Practices
Page 5

3.  All transfer policies, memoranda, guidance, and directives including but not limited
    to ICE/ERO Detainee Transfers Directive used by ICE New York City Field Office
    in effect from the beginning of FY 2020 through the date this request is fulfilled.

4.  All national transfer policies, memoranda, guidance, and directives including but
    not limited to ICE/ERO Detainee Transfers Directive in effect from the beginning of
    FY 2020 through the date this request is fulfilled.

5.  ICE New York City Field Office Standard Operating Procedures in effect from the
    beginning of FY 2020 until the date this request is fulfilled.

6.  ICE New York City Field Office Transfer Quality Assurance Reviews and
    procedures in effect from FY 2020 until the date this request is fulfilled.

7.  All Forms I-830, Notice to EOIR: Alien Address filed by the ICE New York City
    Field Office since FY 2020 until the date this request is fulfilled.

8.  All Forms I-216, Record of Persons and Property Transfer filed by the ICE New
    York City Field Office from FY 2020 until the date this request is fulfilled.

9.  List of all ICE New York City Field Office Area of Responsibility transfers
    including the date of the transfer, the total number of individuals subject to the
    transfer, the facilities individuals were transferred from; the facilities individuals
    were transferred to and any intermediate location individuals were held during this
    transfer. All documented reasons for each individual transfer, including any reasons
    for transfers of detained noncitizens recorded in their A-File or "work file" and any
    comments related to such transfer in ICE's Enforcement Integrated Database.


**V.    Application for Expedited Processing**

    LAS requests Track 1 expedited treatment of this FOIA request. This request
qualifies for expedited treatment pursuant to 6 C.F.R. § 5.5(e)(iii) due to the possible loss of
substantial due process rights if the request were to be delayed. *See Negley v. U.S. Dep't of
Just.*, 305 F. Supp. 3d 36, 46 (D.D.C. 2018), *aff'd sub nom. Negley v. United States Dep't of
Just.*, No. 18-5133, 2018 WL 4148608 (D.C. Cir. Aug. 14, 2018) (noting that expedited
processing is appropriate in the context of "a threatened loss of substantial due process
rights.").

    This information is requested on an expedited basis to prevent the loss of substantial
due process rights of our potential clients who are currently being detained out of state and
would otherwise not be able to afford immigration counsel. This information is urgently
needed because ICE now detains New Yorkers far from their communities, and NYIFUP
providers are no longer able to easily identify clients, as many New Yorkers' immigration

RE: Freedom of Information Act Request for
Documents Related to Certain DHS and ICE
Policies and Practices
Page 6

cases are no longer docketed at the Varick Street Immigration Court. LAS will use this information for the purpose of understanding ICE's practice of detaining New Yorkers in jurisdictions outside of the New York City metropolitan area so that we can design systems to provide free representation for those who qualify.

NYIFUP was created to address the grave due process concerns of the lack of representation in deportation proceedings.[5] Because of the complexity of immigration law, "quality legal representation in gathering and presenting evidence in a hearing context and the skill in advocacy as to any legal issues and their preservation for appeal can make all the difference between the right to remain here and being deported."[6] *Pro bono* immigration representation is crucial to "promote due process and access to justice for immigrants and asylum seekers." *Id.* at 13.

NYIFUP has continued to have great success in helping to ensure due process in immigration proceedings. As noted in section II, *supra*, since its inception, NYIFUP has vastly increased the number of New Yorkers represented in immigration court and made it much more likely that these individuals remain with their community and loved ones. But now that the geography of immigration detention is changing, NYIFUP urgently requires the information in this request to prevent the substantial loss of due process rights by continuing to provide free, quality representation to detained New Yorkers facing deportation.

## VI.    Application for Waiver or Limitation of Fees

The requester is entitled to a fee waiver because "disclosure of the information is in the public interest….and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

*Disclosure is in the public interest*

The information requested will be used to identify where potential clients are detained who may qualify for *pro bono* representation from LAS, and therefore disclosure is in the public interest. For the same reasons that the information qualifies for expedited processing—the information will prevent the loss of due process rights of New Yorkers facing detention and deportation—the information would serve the public interest. *See supra* Section V.

---

[5] *Launch of New York Immigrant Family Unity Project (NYIFUP)*, VERA, https://www.vera.org/newsroom/launch-of-new-york-immigrant-family-unity-project-nyifup ("The NYIFUP demonstrates how even those who might be adversaries in court come together around core values we all share: safeguarding the integrity, fairness, and efficiency of our system of justice which depends on adequate and effective counsel.").

[6] Robert A. Katzmann, *The Legal Profession and the Unmet Needs of the Immigrant Poor*, 21 Geo. J. Legal Ethics 3, 7 (2008).

RE: Freedom of Information Act Request for
Documents Related to Certain DHS and ICE
Policies and Practices
Page 7

*Disclosure is not primarily in the commercial interest of the Requester*

LAS is not filing this request to further a commercial interest. Any information disclosed will be used for the limited purpose of identifying where New Yorkers are being detained in immigration detention in order to identify potential clients who could qualify for *pro bono* representation. LAS is a non-profit organization that provides free representation. Therefore, a fee waiver would fulfill Congress's legislative intent in amending FOIA. *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be liberally construed in favor of waivers for noncommercial requesters." (quotation marks omitted)).

**Conclusion**

Pursuant to applicable statutes and regulations, LAS expects a determination regarding expedited processing within 10 days. *See* 5 U.S.C. § 552(a)(6)(E)(ii); 6 C.F.R. § 5.5.(e)(4).

Consistent with FOIA's objective of increasing transparency of agency action, FOIA exemptions are construed narrowly and the agency bears the burden of justifying its decision to withhold documents. *See, e.g. AquAlliance v. U.S. Bureau of Reclamation*, 856 F.3d 101, 102–04 (D.C. Cir. 2017). If any part of this request is denied, please cite each specific exemption that is used to justify the refusal to release the specific information and notify us of the appeal procedures available to us under applicable law.

Should the fee waiver be denied, LAS will pay up to $250 for the processing of this request. If the estimated fees exceed this amount, please contact us to receive our permission prior to incurring any additional fees.

We expect the release of all segregable portions of otherwise exempt material. We reserve the right to appeal a decision to withhold any information or to deny a waiver of fees or expedited processing.

Thank you for your prompt attention to this matter. Please furnish the applicable records to:

Kyle Barron
The Legal Aid Society
199 Water Street, 3rd Floor
New York, New York 10038
T: 646-574-2761
F: 646-616-9479
kebarron@legal-aid.org

RE: Freedom of Information Act Request for
Documents Related to Certain DHS and ICE
Policies and Practices
Page 8

If I may be of any assistance in facilitating this request, please contact me at:

Kyle Barron
(646) 574-2761
kebarron@legal-aid.org

I affirm that the information provided supporting the request for expedited processing is true and correct to the best of my knowledge and belief. *See* 5 U.S.C. § 552(a)(6)(E)(vi).

Sincerely,

Kyle Barron
The Legal Aid Society
199 Water Street, 3rd Floor
New York, New York 10038
T: 646-574-2761
F: 646-616-9479
kebarron@legal-aid.org

8