# Exhibit E

**From:** HENDERSON, Andrew
**Sent:** Thursday, December 21, 2023 6:02:27 PM
**To:** Meronica.D.Stoney@ice.dhs.gov
**Cc:** Kyle Barron; Julie Dona; MCCASKEY, LB; KING, Kara; NASSAR, Ryan
**Subject:** ICE FOIA 2023-ICFO-23545
**Sensitivity:** Normal
**Attachments:**
2023_08_04_ICE FOIA Case Number 2023-ICFO-23545 - request acknowledgement.pdf; LAS FOIA Policy and Practice Request.pdf; 2023-ICFO-23545 Response to ICE's July 5, 2023 Request.pdf

---

Dear Meronica:

I'm writing on behalf of my client, The Legal Aid Society, regarding its pending FOIA request to ICE (No. 2023-ICFO-23545), which was submitted via email on March 29, 2023. This request, attached here, seeks certain categories of records regarding transfers of ICE detainees in the New York City area.

On July 5, ICE sent an email seeking additional detail about this request, and on August 3, The Legal Aid Society responded with the attached letter, which provides clarification of the specifications in the request. On August 4, ICE indicated that it had "queried the appropriate program offices within ICE for responsive records." (See attached email.) To date, the Legal Aid Society has not received any materials responsive to this request.

Could you please let us know when ICE anticipates providing a final response to this request? The records sought are important for The Legal Aid Society in its mission to provide representation to immigrants in the New York City area who are facing removal proceedings. For that reason, we anticipate filing a complaint early next year if we have not received ICE's response.

We are available if helpful to discuss the request or how we may resolve this matter without litigation.

For clarity, this is a separate request than our FOIA data request (No. 2023-ICFO-19276), which ICE responded to on November 20, 2023. Thank you again for your assistance on that matter.

Sincerely,
Drew

**Andrew Henderson**
Associate
Antitrust, Competition, and Trade

**Freshfields Bruckhaus Deringer US LLP**
700 13th Street, NW
10th Floor
Washington, DC 20005
**T** +1 (202) 777-4570 | **M** +1 (202) 308-0840

freshfields.com

ICE FOIA 2023-ICFO-23545

**ice-foia@ice.dhs.gov <noreply@securerelease.us>**
Fri 8/4/2023 4:06 PM
To:Kyle Barron <kebarron@legal-aid.org>

You don't often get email from noreply@securerelease.us. Learn why this is important

08/04/2023

Kyle Barron
199 Water Street, 3rd Floor
New York, New York 10038

RE:  ICE FOIA Case Number 2023-ICFO-23545

Dear Requester:

This acknowledges receipt of your 4/27/2023, Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), for All communications from the NY Field Office Director regarding the word" transfers from FY 2020 to current date, all emails memos, policies and planning documents related to the detained alien transfers to and from the NY Field Office and ICE Office of Asset and Facilities Management from FY 2020 to current date. All transfer policies, memos, guidance, directives regarding ICE/ERO Detainee Transfers Directive used by the NY Field Office from FY 2020 to current date. All national transfer policies, memos, guidance and directives regarding ERO Detainee Transfers Directive in effect from FY 2020 to current date. NY Field Office SOP and Transfer Quality Assurance reviews and procedures from FY 2020 to current date, Form I-830 and I-216s forms filed by the NY Field Office from FY 2020 to current date, List of all ICE NY Field Office AOR transfers; to include date of transfer, total number of individuals, facilities individuals were transferred and intermediate location individuals were held, documented reasons for transfer, and comments related to such transfer in the ICE EID .  Your request was received in this office on 4/27/2023.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, ICE processes FOIA requests according to their order of receipt. Although ICE's goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period. As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, ICE will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B). If you're able to narrow the scope of your request please contact our office. Narrowing the scope may speed up the search process. We will make every effort to comply with your request in a timely manner.

Provisions of the FOIA allow us to recover part of the cost of complying with your request.  We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to commercial requesters.  As a commercial requester, you will be charged 10 cents per page for duplication, and for search and review time at the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher and reviewer.  We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

Provisions of the FOIA allow us to recover part of the cost of complying with your request.  We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requesters.  As a non-commercial requester, you will be charged 10 cents per page for duplication; the first 100 pages are free, as

are the first two hours of search time, after which you will pay the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher.  We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

We have queried the appropriate program offices within ICE for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the processors in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.

If you have any questions, please contact FOIA Public Liaison, Fernando Pineiro Jr. at the address above or (866) 633-1182. Additionally, you have a right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  You may contact OGIS as follows:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Your request has been assigned reference number 2023-ICFO-23545. Please use this number in future correspondence.

Sincerely,

ICE FOIA Office
Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see www.deloitte.com/about to learn more.

v.E.1



The Legal Aid Society
Immigration Law Unit
199 Water Street, 3rd Floor
New York, NY 10038
T (212) 577-3300
www.legal-aid.org

**Direct Dial:** (646)574-2761
**Direct Fax:** (646)616-9479
**E-mail:** kebarron@legal-aid.org

Alan Levine
*President*

Twyla Carter
*Attorney-in-Chief*
*Chief Executive Officer*

Adriene L. Holder
*Chief Attorney*
Civil Practice

Deborah Lee
*Attorney-in-Charge*
Immigration Law Unit

August 3, 2023

**By E-Mail**

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street SW, Stop 5009
Washington, D.C. 20536-5009
ice-foia@dhs.gov

**RE: ICE-FOIA Case Number 2023-ICFO-23545**

Dear Freedom of Information Officer:

On behalf of The Legal Aid Society ("LAS"), this letter responds to the July 5, 2023 letter from U.S. Immigration and Customs Enforcement ("ICE") regarding LAS's request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), dated March 29, 2023 ("the March 29 Request").

The March 29 Request enumerated nine specifications of records that LAS is seeking from ICE. As an initial matter, LAS disagrees with ICE's determination that the March 29 Request is "1) too broad in scope, 2) did not specifically identify the records which [LAS is] seeking, or 3) only posed questions to the agency." ICE has not identified any "questions to the agency" in the March 29 Request, nor has ICE identified any of the nine specifications that it believes to be overbroad. LAS notes that courts are skeptical of such unsupported assertions.[1] Furthermore, once an agency "becomes reasonably clear as to the materials desired," FOIA requires that the agency produce records responsive to a request.[2]

---

[1] *E.g.*, *Tereshchuk v. Bureau of Prisons*, 67 F. Supp. 3d 441, 454-55 (D.D.C. 2014) ("This Court is skeptical that a FOIA request may be denied based on sheer volume of records requested. . . . [E]ven assuming the size of a FOIA request could provide grounds for denial, the burden of demonstrating overbreadth is substantial.").
[2] *Pub. Emps. for Env't Resp. v. U.S. Env't Prot. Agency*, 314 F. Supp. 3d 68, 74 (D.D.C. 2018).

LAS reserves all rights to challenge ICE's lack of production in response to the March 29 Request. Without waiving any of LAS's rights, this letter provides clarification of the specifications in the March 29 Request.

**Specification 1:** *All communication records to and from the ICE New York City Field Office Director mentioning the word "transfer" from the beginning of FY 2020 until the date this request is fulfilled.*

As an initial matter, ICE's description of this specification in its July 5 letter is inconsistent with the language of LAS's March 29 Request.[3] LAS notes that the term "mentioning" should enable ICE to perform a keyword search for responsive records that include the word "transfer".[4]

In addition, LAS provides the following additional clarifying parameters for this specification:

- Search only *emails* involving the ICE New York City Field Office Director, instead of all communications records;

- Exclude emails that include "Transfer Notification" in the subject line; and

- Limit the time period searched from October 1, 2019 to the present.

**Specification 2**: *All emails, memoranda, policies, and planning documents related to detained alien transfers to and from the ICE New York City Field Office and ICE's Office of Asset and Facilities Management from the beginning of FY 2020 through the date this request is fulfilled.*

**Specification 3:** *All transfer policies, memoranda, guidance, and directives including but not limited to ICE/ERO Detainee Transfers Directive used by ICE New York City Field Office in effect from the beginning of FY 2020 until the date this request is fulfilled.*

LAS provides the following clarifying parameters for these two specifications:

- Search only within:

    o the ICE New York City Field Office, and

    o ICE's Office of Asset and Facilities Management;

- Search for policies, memoranda, guidance, and directives;

---

[3] *See* July 5 Letter from ICE to K. Barron ("All communications *from* the NY Field Office Director *regarding* the word[] transfers from FY 2020 to current date[.]" (emphases added)).
[4] *See Shapiro v. Cent. Intel. Agency*, 170 F. Supp. 3d 147, 154-55 (D.D.C. 2016) ("[T]here can be no dispute about which items are being requested—records in the [agency's] possession that 'mention' [the requested search term].").

- Search for documents mentioning the terms "detainee transfer", "detainee transfers", "transfer of alien", "transfers of alien", "transfer of aliens", "transfers of aliens", "transferred alien," or "transferred aliens"; and

- Limit the time period searched from October 1, 2019 to the present.

**Specification 4:** *All national transfer policies, memoranda, guidance, and directives including but not limited to ICE/ERO Detainee Transfers Directive in effect from the beginning of FY 2020 through the date this request is fulfilled.*

LAS provides the following clarifying parameters for this specification:

- Search only within:

    o ICE's Office of Regulatory Affairs and Policy, and

    o the offices of ICE's Director, Deputy Director, and Chief of Staff;

- Search for policies, memoranda, guidance, and directives;

- Search for documents mentioning the terms "detainee transfer", "detainee transfers", "transfer of detainee", "transfer of detainees", "transfers of detainees", "transfer of alien", "transfers of alien", "transfer of aliens", "transfers of aliens", "transferred alien," or "transferred aliens"; and

- Limit the time period searched from October 1, 2019 to the present.

**Specification 5:** *ICE New York City Field Office Standard Operating Procedures in effect from the beginning of FY 2020 until the date this request is fulfilled.*

**Specification 6:** *ICE New York City Field Office Transfer Quality Assurance Reviews and procedures in effect from FY 2020 until the date this request is fulfilled.*

**Specification 7:** *All Forms I-830, Notice to EOIR: Alien Address filed by the ICE New York City Field Office since FY 2020 until the date this request is fulfilled.*

**Specification 8:** *All Forms I-216, Record of Persons and Property Transfer filed by the ICE New York City Field Office from FY 2020 until the date this request is fulfilled.*

In LAS's view, these specifications reasonably describe the records that LAS is seeking. If ICE disagrees, please confirm.

**Specification 9:** *List of all ICE New York City Field Office Area of Responsibility transfers including the date of the transfer, the total number of individuals subject to the transfer, the facilities individuals were transferred from; the facilities individuals were transferred to and any intermediate location individuals were held during this transfer. All documented reasons for each individual transfer, including any reasons for transfers of*

August 3, 2023<br>Page 4

*detained noncitizens recorded in their A-File or "work file" and any comments related to such transfer in ICE's Enforcement Integrated Database.*

LAS provides the following additional clarifying parameter for this specification:

- Limit the time period searched from October 1, 2019 to the present.

* * *

Thank you for your prompt attention to this matter. If I may be of any assistance in facilitating this request, please contact me at:

Kyle Barron
(646) 574-2761
kebarron@legal-aid.org

                                           Sincerely,

                                           */s/ Kyle E. Barron*

                                           Kyle Barron
                                           The Legal Aid Society
                                           199 Water Street, 3rd Floor
                                           New York, New York 10038
                                           T: 646-574-2761
                                           F: 646-616-9479
                                           kebarron@legal-aid.org

**cc:**     Andrew Henderson, Freshfields Bruckhaus Deringer US LLP



The Legal Aid Society
Immigration Law Unit
199 Water Street, 3rd Floor
New York, NY 10038
T (212) 577-3300
www.legal-aid.org

**Direct Dial:** (646)574-2761
**Direct Fax:** (646)616-9479
**E-mail:** kebarron@legal-aid.org

Alan Levine
*President*

Twyla Carter
*Attorney-in-Chief*
*Chief Executive Officer*

Adriene L. Holder
*Chief Attorney*
Civil Practice

Deborah Lee
*Attorney-in-Charge*
Immigration Law Unit

March 29, 2023

**<u>By E-Mail</u>**

Department of Homeland Security
Privacy Office, Mail Stop 0655
2707 Martin Luther King Jr. AVE SE
Washington, D.C. 20528-0655
foia@hq.dhs.gov

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street SW, Stop 5009
Washington, D.C. 20536-5009
ice-foia@dhs.gov

**RE: Freedom of Information Act Request for Documents Related to Certain DHS and ICE Policies and Practices**

Dear Freedom of Information Officer:

      This letter constitutes a request pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), submitted on behalf of The Legal Aid Society ("LAS"). LAS requests expedited processing, pursuant to 6 C.F.R. § 5.5(e)(iii) and 5 U.S.C. § 552(a)(6)(E). LAS also requests a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k). The justifications for expedited processing and a fee waiver are set out in detail following the request.

RE: Freedom of Information Act Request for<br>
Documents Related to Certain DHS and ICE<br>
Policies and Practices<br>
Page 2

We ask that you please direct this request to all appropriate offices and components and/or departments within the U.S. Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"), per 6 CFR § 5.3(a)(2), including but not limited to the following in DHS: Office of the Director and Deputy Director; Office of Policy; Office of Legislative Affairs; Office of Intergovernmental Affairs; and Office of General Counsel; and the following offices within ICE: Office of the Director and Deputy Director; Office of Detention Policy and Planning; Detention and Removal Operations; State and Local Coordination; Office of Detention Oversight; Congressional Relations; Office of Acquisitions Management; Enforcement and Removal Operations; Office of Detention Management, Enforcement and Removal Operations; Office of Asset and Facilities Management, and Office of the Principal Legal Advisor.

## I. The Requester

The Legal Aid Society is a non-profit 501(c)(3) and is the nation's oldest and largest not-for-profit provider of legal services to low-income clients. LAS's Immigration Law Unit (the "ILU") is a recognized leader in the delivery of free, comprehensive and high-caliber legal services to low-income immigrants in New York City and surrounding counties. Part of the ILU's work consists of representing detained individuals in removal proceedings before immigration judges, on appeals to the Board of Immigration Appeals and the United States Court of Appeals for the Second Circuit, and in habeas corpus proceedings in the Southern District of New York and in district courts across the country where ICE detains our current and prospective clients. Along with the Bronx Defenders and the Brooklyn Defender Services, LAS is part of the New York Immigrant Family Unity Project ("NYIFUP")—New York City's first-in-the-nation appointed counsel program for detained immigrants who cannot afford an attorney.

## II. Purpose of the Request

The purpose of the request is to obtain information for LAS to help understand the nature and scale of ICE's practice of detaining New Yorkers in jurisdictions outside of the New York City metropolitan area, so that we can design systems to provide free representation for those who qualify.

Although noncitizens have a statutory right to counsel at their own expense in immigration proceedings, *see* 8 U.S.C. § 1362, individuals facing deportation are frequently unrepresented. Removal proceedings are the only legal proceedings in the United States where people are detained by the federal government and required to litigate for their liberty against trained government attorneys without any guaranteed assistance of counsel. Yet the consequence of these proceedings—permanent exile from the United States and separation from family, friends, and loved ones—can be just as severe as, or even more harsh than, criminal imprisonment. Individuals facing deportation are often unfamiliar with the legal system, lack financial resources, and face language barriers. The lack of access to

Case 1:24-cv-02344-LGS   Document 1-5   Filed 03/28/24   Page 11 of 16

RE: Freedom of Information Act Request for
Documents Related to Certain DHS and ICE
Policies and Practices
Page 3

counsel is especially acute for those ICE detains. In fact, over 70% of individuals currently in ICE detention nationwide who are in deportation proceedings do not have a lawyer.[1] And this difference can be dramatic: having a lawyer makes it over ten times more likely that an individual will even apply for relief from deportation, and having a lawyer makes it twice as likely that those individuals will actually win their cases.[2]

In 2013, NYIFUP was created to address these issues and provide free, high-quality representation to detained New Yorkers who face deportation. Since then, NYIFUP has greatly increased access to counsel for New Yorkers detained by ICE, representing more than 3,500 detained immigrants facing deportation since 2014. In 2018 alone, over 700 detained individuals received representation through the program.

Between 2013 and 2016, NYIFUP increased the rate of successful outcomes for detained immigrants by 1,100 percent, confirming that the services provided by NYIFUP attorneys reduce unnecessary detention and unlawful deportations.[3] Before NYIFUP, only about 4% of detained individuals had a positive outcome in their case at Varick Street Immigration Court, compared to 48% for NYIFUP clients.[4] In its first five years, NYIFUP attorneys won release from ICE custody for over 900 clients, and won over 500 removal cases. In 2020-21, LAS alone successfully advocated for the release of over 100 NYIFUP clients and prevented over 200 deportations. These numbers show that, because of the complexity of immigration proceedings, before NYIFUP, a significant number of detained noncitizens were losing otherwise meritorious claims based solely on the fact that they were not represented.

However, the detention landscape has changed in ways that have made it harder to identify detained New Yorkers who need representation in immigration court. At the time that NYIFUP was first implemented, people who qualified for NYIFUP were those individuals whose cases were heard by immigration judges at Varick Street Immigration Court in New York City. The vast majority of these individuals were detained at the Hudson, Bergen, and Essex County Jails in New Jersey, and Orange County Jail in New York.

In 2021, the Hudson and Bergen County Jails stopped housing people in ICE custody, and a year later Orange County Jail transferred dozens of detained New York City

---

[1] TRAC Immigration, *New Proceedings Filed in Immigration Court*, last accessed Mar. 21, 2023, https://trac.syr.edu/phptools/immigration/ntanew/
[2] Ingrid Eagly and Steven Shafer, *Access to Counsel in Immigration Court*, American Immigration Council 21 (Sept. 2016) https://www.americanimmigrationcouncil.org/sites/default/files/research/access_to_counsel_in_immigration_court.pdf
[3] Jennifer Steve, et al., *Evaluation of the New York Immigrant Family Unity Project: Assessing the Impact of Legal Representation on Family and Community Unity*, Vera Institute of Justice 6 (Nov. 2017) new-york-immigrant-family-unity-project-evaluation.pdf (vera.org).
[4] *Id*.

RE: Freedom of Information Act Request for
Documents Related to Certain DHS and ICE
Policies and Practices
Page 4

residents to Mississippi. Anecdotally, ICE is presently detaining New York City residents at Orange County Jail in New York, Moshannon Valley Processing Center in Pennsylvania, Buffalo Service Processing Center in New York, and elsewhere throughout the country. Because NYIFUP providers are only able to systematically identify and represent individuals whose initial court appearances are at Varick Street Immigration Court in New York, many detained New York City residents facing deportation who would otherwise qualify for NYIFUP are currently unrepresented.

Therefore, LAS seeks the information in this FOIA request to understand where ICE is detaining New Yorkers, so that we can provide free and competent representation to those who qualify.

### III.  **Definitions**

*Records* as used herein includes, but is not limited to: communications, correspondence, directives, documents, data, videotapes, audiotapes, e-mails, faxes, files, guidance, guidelines, standards, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, manuals, technical specifications, training materials, and studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications and/or videotapes, as well as any reproductions thereof that differ in any way from any other reproduction, such as copies containing marginal notations.

*Transfer* as used herein includes any movement of an alien after arrest, including movement from the New York City ("NYC") metropolitan area to locations outside of the NYC-metropolitan area, regardless of whether the alien has first been detained at a NYC-area facility.

### IV.  **Records requested:**

<u>New York City-Area ICE Transfer Records</u>

From the beginning of FY 2020 to the date of this request is fulfilled:

1. All communications records to and from the ICE New York City Field Office Director mentioning the word "transfer" from the beginning of FY 2020 until the date this request is fulfilled.

2. All emails, memoranda, policies, and planning documents related to detained alien transfers to and from the ICE New York City Field Office and ICE's Office of Asset and Facilities Management from the beginning of FY 2020 through the date this request is fulfilled.

RE: Freedom of Information Act Request for
Documents Related to Certain DHS and ICE
Policies and Practices
Page 5

3. All transfer policies, memoranda, guidance, and directives including but not limited to ICE/ERO Detainee Transfers Directive used by ICE New York City Field Office in effect from the beginning of FY 2020 through the date this request is fulfilled.

4. All national transfer policies, memoranda, guidance, and directives including but not limited to ICE/ERO Detainee Transfers Directive in effect from the beginning of FY 2020 through the date this request is fulfilled.

5. ICE New York City Field Office Standard Operating Procedures in effect from the beginning of FY 2020 until the date this request is fulfilled.

6. ICE New York City Field Office Transfer Quality Assurance Reviews and procedures in effect from FY 2020 until the date this request is fulfilled.

7. All Forms I-830, Notice to EOIR: Alien Address filed by the ICE New York City Field Office since FY 2020 until the date this request is fulfilled.

8. All Forms I-216, Record of Persons and Property Transfer filed by the ICE New York City Field Office from FY 2020 until the date this request is fulfilled.

9. List of all ICE New York City Field Office Area of Responsibility transfers including the date of the transfer, the total number of individuals subject to the transfer, the facilities individuals were transferred from; the facilities individuals were transferred to and any intermediate location individuals were held during this transfer. All documented reasons for each individual transfer, including any reasons for transfers of detained noncitizens recorded in their A-File or "work file" and any comments related to such transfer in ICE's Enforcement Integrated Database.

V. **Application for Expedited Processing**

LAS requests Track 1 expedited treatment of this FOIA request. This request qualifies for expedited treatment pursuant to 6 C.F.R. § 5.5(e)(iii) due to the possible loss of substantial due process rights if the request were to be delayed. *See Negley v. U.S. Dep't of Just.*, 305 F. Supp. 3d 36, 46 (D.D.C. 2018), *aff'd sub nom. Negley v. United States Dep't of Just.*, No. 18-5133, 2018 WL 4148608 (D.C. Cir. Aug. 14, 2018) (noting that expedited processing is appropriate in the context of "a threatened loss of substantial due process rights.").

This information is requested on an expedited basis to prevent the loss of substantial due process rights of our potential clients who are currently being detained out of state and would otherwise not be able to afford immigration counsel. This information is urgently needed because ICE now detains New Yorkers far from their communities, and NYIFUP providers are no longer able to easily identify clients, as many New Yorkers' immigration

Case 1:24-cv-02344-LGS   Document 1-5   Filed 03/28/24   Page 14 of 16

RE: Freedom of Information Act Request for
Documents Related to Certain DHS and ICE
Policies and Practices
Page 6

cases are no longer docketed at the Varick Street Immigration Court. LAS will use this information for the purpose of understanding ICE's practice of detaining New Yorkers in jurisdictions outside of the New York City metropolitan area so that we can design systems to provide free representation for those who qualify.

NYIFUP was created to address the grave due process concerns of the lack of representation in deportation proceedings.[5] Because of the complexity of immigration law, "quality legal representation in gathering and presenting evidence in a hearing context and the skill in advocacy as to any legal issues and their preservation for appeal can make all the difference between the right to remain here and being deported."[6] *Pro bono* immigration representation is crucial to "promote due process and access to justice for immigrants and asylum seekers." *Id*. at 13.

NYIFUP has continued to have great success in helping to ensure due process in immigration proceedings. As noted in section II, *supra*, since its inception, NYIFUP has vastly increased the number of New Yorkers represented in immigration court and made it much more likely that these individuals remain with their community and loved ones. But now that the geography of immigration detention is changing, NYIFUP urgently requires the information in this request to prevent the substantial loss of due process rights by continuing to provide free, quality representation to detained New Yorkers facing deportation.

## VI.     Application for Waiver or Limitation of Fees

The requester is entitled to a fee waiver because "disclosure of the information is in the public interest….and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

*Disclosure is in the public interest*

The information requested will be used to identify where potential clients are detained who may qualify for *pro bono* representation from LAS, and therefore disclosure is in the public interest. For the same reasons that the information qualifies for expedited processing—the information will prevent the loss of due process rights of New Yorkers facing detention and deportation—the information would serve the public interest. *See supra* Section V.

---

[5] *Launch of New York Immigrant Family Unity Project (NYIFUP)*, VERA, https://www.vera.org/newsroom/launch-of-new-york-immigrant-family-unity-project-nyifup ("The NYIFUP demonstrates how even those who might be adversaries in court come together around core values we all share: safeguarding the integrity, fairness, and efficiency of our system of justice which depends on adequate and effective counsel.").

[6] Robert A. Katzmann, *The Legal Profession and the Unmet Needs of the Immigrant Poor*, 21 Geo. J. Legal Ethics 3, 7 (2008).

Case 1:24-cv-02344-LGS   Document 1-5   Filed 03/28/24   Page 15 of 16

RE: Freedom of Information Act Request for
Documents Related to Certain DHS and ICE
Policies and Practices
Page 7

*Disclosure is not primarily in the commercial interest of the Requester*

LAS is not filing this request to further a commercial interest. Any information disclosed will be used for the limited purpose of identifying where New Yorkers are being detained in immigration detention in order to identify potential clients who could qualify for *pro bono* representation. LAS is a non-profit organization that provides free representation. Therefore, a fee waiver would fulfill Congress's legislative intent in amending FOIA. *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be liberally construed in favor of waivers for noncommercial requesters." (quotation marks omitted)).

**Conclusion**

Pursuant to applicable statutes and regulations, LAS expects a determination regarding expedited processing within 10 days. *See* 5 U.S.C. § 552(a)(6)(E)(ii); 6 C.F.R. § 5.5.(e)(4).

Consistent with FOIA's objective of increasing transparency of agency action, FOIA exemptions are construed narrowly and the agency bears the burden of justifying its decision to withhold documents. *See, e.g. AquAlliance v. U.S. Bureau of Reclamation*, 856 F.3d 101, 102–04 (D.C. Cir. 2017). If any part of this request is denied, please cite each specific exemption that is used to justify the refusal to release the specific information and notify us of the appeal procedures available to us under applicable law.

Should the fee waiver be denied, LAS will pay up to $250 for the processing of this request. If the estimated fees exceed this amount, please contact us to receive our permission prior to incurring any additional fees.

We expect the release of all segregable portions of otherwise exempt material. We reserve the right to appeal a decision to withhold any information or to deny a waiver of fees or expedited processing.

Thank you for your prompt attention to this matter. Please furnish the applicable records to:

Kyle Barron
The Legal Aid Society
199 Water Street, 3rd Floor
New York, New York 10038
T: 646-574-2761
F: 646-616-9479
kebarron@legal-aid.org

RE: Freedom of Information Act Request for<br>
Documents Related to Certain DHS and ICE<br>
Policies and Practices<br>
Page 8

If I may be of any assistance in facilitating this request, please contact me at:

Kyle Barron
(646) 574-2761
kebarron@legal-aid.org

I affirm that the information provided supporting the request for expedited processing is true and correct to the best of my knowledge and belief. *See* 5 U.S.C. § 552(a)(6)(E)(vi).

Sincerely,

*Kyle E Barron*

Kyle Barron<br>
The Legal Aid Society<br>
199 Water Street, 3rd Floor<br>
New York, New York 10038<br>
T: 646-574-2761<br>
F: 646-616-9479<br>
kebarron@legal-aid.org